IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                v.                             21-CR-33

RICHARD LAFRANCE,

                Defendant.

_____

## PLEA AGREEMENT

The defendant, RICHARD LAFRANCE, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.      THE PLEA AND POSSIBLE SENTENCE

1.      The defendant agrees to plead guilty to Count 1 of the Indictment which charges a violation of Title 18, United States Code, Section 2422(b) [Enticement of a Minor] for which the mandatory minimum term of imprisonment is 10 years and the maximum possible sentence is a term of imprisonment of life, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.      The defendant understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 pursuant to Title 18, United States Code, Section 3014, in addition to the assessment imposed under Title 18, United States Code, Section 3013.

3.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life.

4.      The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions:   where the defendant resides; where the defendant is employed; and where the defendant is a student.  The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information.  The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status.  The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to

2

prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

5.     The defendant acknowledges that a conviction in this action may result in the defendant's civil commitment pursuant to 18 U.S.C. § 4248 as a sexually dangerous person. The defendant understands that a determination as to whether the defendant will be subject to civil commitment will be made initially by the Attorney General or the Director of the Bureau of Prisons at the conclusion of the defendant's term of imprisonment and that the Court will make the final determination in a separate proceeding.

## II.    ELEMENTS AND FACTUAL BASIS

6.     The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

    a.    The defendant knowingly used or attempted to use a facility or means of interstate commerce to persuade, induce, entice or coerce an individual under the age of 18 to engage in sexual activity;

    b.    The defendant believed that such individual was less than 18 years of age; and

    c.    The defendant could have been charged with a criminal offense for engaging in the sexual activity.

## FACTUAL BASIS

7.     The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.    Between in or about April 2019 and in or about May 2019, the defendant RICHARD LAFRANCE, who was 33 years old and a Level III registered sex offender at the time, engaged in a sexual relationship, involving sexual intercourse, with a minor female, Victim 1. During this time period, the defendant used the internet and a cellular telephone to communicate with Victim 1 regarding their sexual relationship and persuaded, induced, and enticed Victim 1 to engage in sexual activity for which he could be charged with a criminal offense. The defendant acknowledges that he was aware that Victim 1 was 14 years old at the time.

b.    Between the above dates, the defendant knowingly communicated with Victim 1 via email, text message, and mobile chat application. The messages that the defendant sent Victim 1 were sexually explicit and were used to persuade Victim 1 to engage in sexual activity and to facilitate the defendant and Victim 1 meeting for the purpose of having sexual intercourse.

c.    For example, on or about May 6, 2019, the defendant RICHARD LAFRANCE communicated with Victim 1 via the mobile application "TextNow." During this conversation, the defendant detailed the sexual activity that he wanted to engage in with Victim 1 and instructed her to send him sexually explicit pictures, telling her "Show me more" and "spread it open for me."

d.    The email messages sent by the defendant were sent using email accounts hosted by Apple Inc. and Oath Holdings Inc. (Yahoo). The defendant acknowledges that the email messages traveled in interstate commerce, as neither Apple nor Yahoo maintain servers in the state of New York. The text messages and mobile chat application messages were sent and received using an Apple iPhone, IMEI 356960068301261, that the defendant provided to Victim 1 so that they could communicate. The defendant acknowledges that the Apple iPhone was manufactured outside the state of New York and constitutes a means or facility of interstate or foreign commerce.

e.    During the course of the relationship, in or around April 2019 and in around May 2019, the defendant and Victim 1 did in fact engage in at least two instances of sexual intercourse. It is a Class E felony in the State of New York for a person over 21 years old to engage in sexual intercourse with another person who is less than 17 years old, a violation of New York State Penal Law Section 130.25(2) (Third Degree Rape).

### III.   SENTENCING GUIDELINES

8.     The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

9.     The government and the defendant agree that Guidelines §§ 2G1.3(a)(3), 2G1.3(c)(1) (cross-reference) and 2G2.1(a) apply to the offense of conviction and provide for a base offense level of 32.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

10.     The government and the defendant agree that the following specific offense characteristics do apply:

a.     the 2-level increase pursuant to Guidelines § 2G2.1(b)(1)(B) (minor under 16 years of age;

b.     the 2-level increase pursuant to Guidelines § 2G2.1(b)(2)(A) (commission of a sex act);

c.     the 2-level increase pursuant to Guidelines § 2G2.1(b)(6)(B)(i) (the offense involved the use of a computer to persuade, induce, and solicit participation by a minor to engage in sexually explicit conduct).

### ADJUSTED OFFENSE LEVEL

11.     Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 38.

## ACCEPTANCE OF RESPONSIBILITY

12.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 35.

## CRIMINAL HISTORY CATEGORY

13.     As it is the understanding of the parties that the defendant is a Repeat and Dangerous Sex Offender Against Minors, the defendant's criminal history category is V.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

14.     It is the understanding of the government and the defendant that, with a total offense level of 35 and criminal history category of V, and taking into account the statutory maximum penalties, the defendant's sentencing range would be a term of imprisonment of 262 to 327 months, a fine of $40,000 to $250,000, and a period of supervised release of 5 years to life.  Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

15.     Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a 327 month term of imprisonment as part of the appropriate sentence in this case.  If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall

6

then be afforded the opportunity to withdraw the plea of guilty. This agreement does not affect the amount of a fine, the amount of restitution or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

16.     The Government agrees not to oppose a request by the defendant that the Court recommend to the Bureau of Prisons that it give the defendant credit toward the service of his federal term of imprisonment for the time he has spent in official detention at Chautauqua County Jail, from June 10, 2019, until the day his sentence in this federal case is imposed, pursuant to Title 18, United States Code Section, 3585(b), to the extent that time has not been credited against any other sentence.

17.     The defendant understands that except as set forth in ¶ 15, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

18.     In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.     STATUTE OF LIMITATIONS

19.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral

attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.    REMOVAL

20.    The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## V.    GOVERNMENT RIGHTS AND OBLIGATIONS

21.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

8

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

22.    At sentencing, the government will move to dismiss the open counts of the Indictment in this action.

23.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.   RESTITUTION

24.    The defendant acknowledges that pursuant to Title 18, United States Code, Section 2429, the Court must order restitution for the full amount of the compensable losses of the victim as determined by the Court.  Such order shall be issued and enforced in accordance with Title 18, United States Code, Section 3664 in the same manner as an order under Section 3663A. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

25.    The defendant agrees that the defendant will not oppose bifurcation of the sentencing hearing under 18 U.S.C. § 3664(d)(5) if the victim's losses are not ascertainable prior to sentencing.

26.     The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

27.     The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and will be (i) subject to immediate enforcement as provided for in Title 18, United States Code, Section 3613, and (ii) submitted

to the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

28.     The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

29.     The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the United States and/or agencies thereof.

30.     To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance bond in this case, which funds shall be applied to satisfy the financial obligation(s) of the defendant pursuant to the judgment of the Court.

31.     The defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor in considering whether the defendant has accepted responsibility under the United States Sentencing Guidelines §3E1.1.

## VI.    **APPEAL RIGHTS**

32.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 15, above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

33.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

34.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 15, above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII.   FORFEITURE PROVISIONS

35.    As a condition of this plea, the defendant specifically acknowledges that in furtherance of the defendant's criminal conduct the defendant utilized the following phones and other electronic media which were seized by law enforcement officials:

a.  Samsung Galaxy S9, EMEI 353305095798001.

b.  Apple iPhone EMEI 356960068301261.

c.  Black iPhone 7 FCCID BCG-E3087A.

36.    Since the phones, related media and online account(s) were instrumentalities of the crime, the defendant specifically agrees to the forfeiture or abandonment of the phones and all of the components and related media to the United States pursuant to Title 18, United States Code, Section 2428(a)(1), and that the forfeiture or abandonment shall include, but not be limited to, these devices.  In addition, the defendant agrees to forfeit all interests in any and all online accounts that contain victims' information pursuant to Title 18, United State Code, Section 2428(a)(1).  All forfeited property will be referenced in the PRELIMINARY ORDER OF FORFEITURE, and the defendant waives any rights or interest in those items which the defendant may still possess or for which the defendant may have any claim.

37.    The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, in its discretion, destroy any or all of the property referred to in this agreement.

13

38.     After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the items listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.     The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

39.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether

14

constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

## VIII.  CIVIL ACTION

40.    Defendant waives and agrees not to assert in any civil lawsuit arising from the conduct which gave rise to the criminal charges that are the subject of this plea any defense based on the double jeopardy or excessive fines clauses of the Constitution.

## IX.    TOTAL AGREEMENT AND AFFIRMATIONS

41.    This plea agreement represents the total agreement between the defendant, RICHARD LAFRANCE, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY: _____

DOUGLAS A. C. PENROSE
Assistant United States Attorney

Dated: July 12, 2021

15

I have read this agreement, which consists of pages 1 through 16. I have had a full opportunity to discuss this agreement with my attorney, Alexander J. Anzalone, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

RICHARD LAFRANCE
Defendant

ALEXANDER J. ANZALONE, ESQ.
Attorney for the Defendant

Dated: July 12, 2021

Dated: July 12, 2021

16