UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

| | |
|---|---|
| UNITED STATES OF AMERICA, | 21-CR-33-JLS |
| v. | SENTENCING MEMORANDUM FOR RICHARD LAFRANCE |
| RICHARD LAFRANCE, | |
| Defendant. | |

───────────────────────────────

In this case, Mr. Lafrance agreed to plead guilty, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to a single count of Enticement of a Minor, in violation of 18 U.S.C. § 2422(b).  Should the Court accept this plea agreement, Mr. Lafrance would receive a sentence of 327 months in custody, or 27 years and 4 months.  This sentence is at the high end of the applicable Guidelines range, and was the result of a negotiated resolution between the Government and the defense.  By any metric, a sentence of nearly three decades in federal prison is an extraordinarily harsh punishment.  For the reasons below, the defense urges the Court to accept the Plea Agreement, and impose the agreed-upon 327-month sentence.

The high sentencing range in the Plea Agreement takes into account several of the more troubling aspects of Mr. Lafrance's case, including the age of the victim (U.S.S.G. §2G2.1(b)(1)(B)), the hands-on nature of the offense (U.S.S.G. §2G2.1(b)(2)(A)), and Mr. Lafrance's prior offenses (U.S.S.G. §4B1.5(a)(2)(B)). Indeed, this last enhancement has the greatest impact on Mr. Lafrance's sentencing

range, automatically classifying him as a Criminal History Category V, and raising his applicable Guidelines range to 262 – 327 months. In other words, the aggravating circumstances that might otherwise call for a harsher sentence are already incorporated into the applicable Guidelines range of 262 months through 327 months; that the agreed-upon sentence of 327 months is at the highest point of this range only further indicates that this sentence is sufficient to accomplish the goals of sentencing, as set forth in 18 U.S.C. § 3553(a)(2).

Moreover, by agreeing to admit his conduct and plead guilty in a prompt manner, Mr. Lafrance has not only saved governmental and judicial resources, but has also taken ameliorative action to ensure that the victim does not need to testify in court at a trial or at a sentencing proceeding. It is similarly worth noting that Mr. Lafrance pled guilty prior to filing or litigating pretrial motions. In agreeing to the disposition under Rule 11(c)(1)(C), the Government acknowledged the significance of these benefits to the Government and the victim, and has indicated its belief that the 327-month sentence is appropriate and sufficient to capture the severity of the offense, the harm to society, and to meet the ultimate purposes of sentencing.

Finally, pursuant to the Plea Agreement, "[t]he Government agrees not to oppose a request by the defendant that the Court recommend to the Bureau of Prisons that it give the defendant credit toward the service of his federal term of imprisonment for the time he has spent in official detention at Chautauqua County Jail, from June 10, 2019, until the day his sentence in this federal case is imposed,

pursuant to Title 18, United States Code Section, 3585(b), to the extent that time has not been credited against any other sentence." Plea Agreement ¶ 16.  The defense makes this request for this specific recommendation to be expressly included in the Court's Final Judgment, as it is both appropriate in this case and in keeping with 18 U.S.C. § 3585(b)(2).  As noted in the Revised PSR, Mr. Lafrance has been continuously in official detention since June 10, 2019.  Revised PSR at 3 ("Release Status" section).  Although the Bureau of Prisons will ultimately be responsible for making these calculations, the Court's recommendation will ensure that Mr. Lafrance's time credit receives the appropriate attention by the calculating authority.  As noted within the Plea Agreement itself, the Government does not oppose this request.

    Based on the instant offense, Mr. Lafrance will be spending decades in prison.  Mr. Lafrance has made considerable missteps and must pay his debt to society.  Even once he is released, the Court will be empowered to place Mr. Lafrance on a lengthy period of supervised release, which will both ensure that Mr. Lafrance is properly supervised and monitored, but also provide Mr. Lafrance with the help and structure he needs to return to society and avoid reoffending.  The defense submits this memorandum, along with a character letter from Mr. Lafrance's uncle (attached as Exhibit A), which gives a window into the person that Mr. Lafrance can be.  In light of all of this, the defense requests that the Court accept the Plea Agreement and sentence Mr. Lafrance to the agreed-upon 327-month sentence.  In the event that the Court is not inclined to accept the Rule

11(c)(1)(C) plea agreement, the defense requests the additional opportunity to address, in supplemental briefing, any misgivings the Court might have, or answer any questions for the Court.

DATED: Buffalo, New York, January 10, 2022

Respectfully submitted,

**/s/ Alexander J. Anzalone**
Alexander J. Anzalone
Assistant Federal Public Defender
Federal Public Defender's Office
300 Pearl Street, Suite 200
Buffalo, New York 14202
(716) 551-3341, (716) 551-3346 (Fax)
Alexander_anzalone@fd.org
*Counsel for Defendant Richard Lafrance*

**TO:** Douglas Penrose
Assistant United States Attorney

Lisa Ferraro
United States Probation Officer