IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.                                                         21-CR-33

RICHARD LAFRANCE,

                Defendant.

---

## THE GOVERNMENT'S RESPONSE TO THE DEFENDANT'S SENTENCING MEMORANDUM

**THE UNITED STATES OF AMERICA**, through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, Douglas A. C. Penrose, Assistant United States Attorney, of counsel, respectfully files this response to the defendant's Sentencing Memorandum, (Dkt. 44), and in support of a sentence of imprisonment of 327 months, consistent with the plea agreement, (Dkt. 26).

## PRELIMINARY STATEMENT

On July 12, 2020, the defendant, RICHARD LAFRANCE, pled guilty to Count 1 of the indictment in this case, which charged him with enticement of a minor, in violation of Title 18, United States Code, 2422(b). (Dkt. 27.) The Plea Agreement between the defendant and the government calculated that the defendant's total offense level was 37 and his criminal history category was a V, leading to a sentencing range of 262 to 327 months of incarceration. (Dkt. 26. At 6.) Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agreed to the imposition of a 327 month term of imprisonment, subject to the approval

of the Court. (Id.) For the reasons set forth below, it is the government's belief that a sentence of 327 months provides the proper punishment for the offense of conviction and is consistent with the sentencing factors set forth in Title 18, United States Code, Section 3553(a).

## STATEMENT OF FACTS

The government concurs with and relies on the statement of facts outlined in the Presentence Investigation Report ("PSR") at paragraphs 15 through 42. (Dkt. 42.)

## DISCUSSION

**I. In Considering the § 3553(a) Factors, the Court Should Conclude That a Sentence of 327 Months Provides the Proper Punishment for the Offense of Conviction.**

The government believes that a sentence of incarceration of 327 months, which is at the high end of the calculated guidelines range, provides for a punishment that is sufficient but not greater than necessary in light of the defendant's conduct. The United States recognizes that since *United States v. Booker*, 543 U.S. 220 (2005), the sentencing guidelines are advisory rather than statutorily mandated. When imposing a sentence, although the Court is required to consider the guidelines, it must first and foremost fashion a sentence that is consistent with the factors detailed in 18 U.S.C. § 3553(a). The guideline range as calculated by the plea agreement and the PSR in this case would be a term of imprisonment of between 262 and 327 months. (Dkt. 26 at 6; Dkt. 42 at ¶ 76.) Pursuant to Rule 11(c)(1)(C), the parties have agreed to a sentence of 327 months, *i.e.*, 27 years and 3 months. The United States believes that such a sentence is reasonable and appropriate in light of the factors set forth in 18 U.S.C. § 3553(a).

2

Under Section 3553(a), the sentence imposed must reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. *See United States v. Rattoballi*, 452 F.3d 127, 133 (2d Cir. 2006) ("In calibrating our review for reasonableness, we will continue to seek guidance from the considered judgment of the Sentencing Commission as expressed in the Sentencing Guidelines and authorized by Congress . . . . It bears noting that the Sentencing Commission is an expert agency whose statutory charge mirrors the § 3553(a) factors that the district courts are required to consider") *abrogation on other grounds recognized by United States v. Cavera*, 550 F.3d 180 (2d Cir. 2008) (en banc). The sentencing court must also consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). A court that imposes a sentence outside the applicable advisory guidelines range must do so on notice to the parties and must state "with specificity" both at sentencing and in the written judgment and commitment order its reasons for doing so. 18 U.S.C. § 3553(c).

A. *The Nature and Circumstances of the Offense Warrant a Sentence of 327 Months.*

The defendant has pled guilty to a truly reprehensible crime that merits a lengthy term of imprisonment. As the victim in this case stated, the defendant "emotionally, mentally, physically hurt me inside and out. The crime I endured in my past makes me sick." (Dkt. 42 at 32.) And the defendant's crime hurt not only his victim, but also the victim's mother, who has been on "a roller coaster of nothing but emotions," has had to start taking medication to deal with the anxiety and panic attacks the defendant's actions have caused, and knows that she likely will never be able to take away her daughter's pain.

The defendant, who was 33 years-old and a registered sex offender at the time of the offense, enticed the victim in this case, who was fourteen, to engage in various sexual acts. The defendant came to know the victim because he was dating the victim's aunt. (Dkt. 42 at ¶ 17.) After they met, the victim provided the defendant with her school email address so that the two of them could communicate. (Id. at ¶ 24.) Review of the victim's school-issued email account uncovered a large number of highly sexual conversations between the defendant and the victim. (Id. at ¶ 20.) Having met the victim in person and having been provided with her school email address, the defendant was clearly aware that the victim was only 14. (Dkt. 26 at 4.) And the defendant knew that he should not be sending such emails to the victim, telling her that she should delete them after she read them. (Dkt. 42 at ¶ 26.)

The defendant also communicated with the victim using TextNow, a mobile phone application. (Id. at ¶ 34.) As with the email communications, many of the TextNow communications were extremely sexual in nature and included requests by the defendant that the victim send him sexually explicit pictures of herself. (Id. at ¶ 35.) The evidence indicates that the victim did in fact send the defendant such images. (Id. at ¶¶ 33, 35, 36.)

The email messages and TextNow messages would have been awful enough by themselves, but it was not enough for the defendant. According to the victim, and as now admitted to by the defendant, the defendant on several occasions had vaginal, anal, and oral sex with the victim. (Dkt. 42 at ¶¶ 25, 27.) This happened on at least two occasions: once during a family fishing trip and another time when the defendant picked up the victim from her house in the middle of the night and drove her to a "secret spot" to have sex. (Id. at ¶¶ 22, 25, 27.) In addition, the defendant surreptitiously recorded himself having sexual intercourse with the victim during these two occasions. (Id. at ¶ 37.)

Unsurprisingly, the defendant's conduct has traumatized the victim in this case. What the defendant did "has made [the victim's] life a living hell," caused her to have suicidal thoughts, and even blame herself for what happened. (Id. at 32.) And the victim's mother has also suffered. She has "had to pick up the broken pieces to my daughter's trauma . . . something that was going to stay with her for her entire life . . . . [n]o matter on how many counciling [sic] appointments we have, no matter how many phyciotrist [sic] appointments we attend or groups [the victim] is involved in nor how much medication she takes."

In light of the above, a sentence of 327 months is appropriate. Although this represents the high end of the sentencing range and is a substantial term of imprisonment, it is a far shorter sentence than the defendant would face if he had been convicted at trial. It is the government's position that the defendant's two prior convictions under Oregon state law for second degree rape, (Dkt. 42 at ¶64), qualify as "prior convictions . . . under the laws of any State relating to the sexual exploitation of children" under Title 18, United States Code, Section 2251(e). Assuming this view is correct,[1] conviction on Count 2 of the Indictment would result in the defendant facing a mandatory minimum penalty of 35 years' incarceration. *See* 18 U.S.C. § 2251(e). Furthermore, if he was convicted of Count 3 of the Indictment, charging violation of Title 18, United States Code, Section 2260A (Penalties for Registered Sex Offenders), he would have been sentenced to an additional ten years' incarceration. Thus,

---

[1] The Second Circuit has not directly addressed this question. Some defendants have argued that "sexual exploitation" should be narrowly defined to encompass only prior convictions that involved child pornography or sexual conduct that is captured in visual depictions because Section 2251 is entitled "sexual exploitation of children." *See, e.g.*, *United States v. Sanchez*, 440 F. App'x 436, 440 (6th Cir. 2011). Other than the Ninth Circuit, most courts have rejected this argument. *See, e.g.*, *United States v. Mills*, 850 F. 3d at 693, 697-98 (4th Cir. 2017); *United States v. Smith*, 367 F.3d 748, 751 (8th Cir. 2004); *Sanchez*, 440 F. App'x at 440; *United States v. Pavulak*, 700 F. 3d 651, 674-75 (3d Cir. 2012); *but see United States v. Schopp*, 938 F.3d 1053, 1060–61 (9th Cir. 2019) (holding that the federal generic definition of "sexual exploitation of children" is defined within § 2251 as the production of visual depictions of children engaging in sexually explicit conduct, or put simply, the production of child pornography).

while a sentence of over twenty-seven years is a very lengthy sentence by any standard, it does reflect a substantial reduction in sentence from what the defendant would have received if he had been convicted on all counts at trial.

The government believes that the defendant receiving a sentence lower than the mandatory minimum sentence that he would have received if he had been convicted on all counts at trial is appropriate in light of the defendant's acceptance of responsibility for his actions and his doing so prior to trial—in fact, prior to the filing of pretrial motions. Aside from conserving government and Court resources and ensuring the certainty of conviction, the defendant's early acceptance of responsibility obviates the need for the victim to testify at trial. While testifying is difficult for any victim, it is particularly so in a case such as this where the victim is still a minor and she would have to recount in open court and in explicit detail the sexual abuse that she suffered at the hands of the defendant.

   B. *The History and Characteristics of the Defendant Justify a 327 Month Sentence.*

The defendant has multiple prior convictions for sex offenses, which further justifies a 327-month term of incarceration. The defendant was first convicted of 3rd degree rape in 2002, when he was only 16. (Dkt. 42 at ¶ 60.) Just three years later, in 2005, the defendant, now 19, was charged with failure to register as a sex offender and multiple counts of both second degree rape and first degree sexual abuse. (Id. at ¶¶ 62, 63.) After pleading guilty to these charges, the defendant was sentenced to an aggregate term of imprisonment of 150 months. The basis for this sentence was the defendant having sexual intercourse with two minor victims. (Id. at ¶ 64.)

Simply put, the defendant's criminal history demonstrates an inability or unwillingness to comply with the law. In addition to the prior sex offenses, which are troubling by themselves, the defendant has prior convictions for interfering with a peace officer, theft, and criminal contempt, as well as numerous incidents of misconduct while incarcerated. (Id. at ¶¶ 61, 63, and 64.)  Taken together, there are no significant periods of time where the defendant was not incarcerated and was a law-abiding citizen. Indeed, the conduct at issue in this case occurred barely a year after the defendant was released from prison in Oregon. The fact that a sentence of 150 months was insufficient to deter the defendant from again violating the law a year later (and while still on parole) further supports the 327-month sentence proposed in this case.

## **CONCLUSION**

For the reasons set forth above, the government respectfully requests that the Court accept the plea agreement and sentence the defendant to a term of imprisonment of 327 months.

DATED:  Buffalo, New York, January 20, 2022.

> TRINI E. ROSS
> United States Attorney
>
> BY:   s/DOUGLAS A. PENROSE
> Assistant United States Attorney
> United States Attorney's Office
> Western District of New York
> 138 Delaware Avenue
> Buffalo, New York 14202
> 716-843-5868
> Douglas.Penrose@usdoj.gov